10-1546-cr
United States v. Karlov

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand eleven.

PRESENT:   AMALYA L. KEARSE,
             REENA RAGGI,
                   *Circuit Judges*,
             LAWRENCE E. KAHN,
                   *District Judge.*[*]

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                   *Appellee*,

           v.                           No.    10-1546-cr

ALEXANDRE KARLOV,
                   *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:         Michele Hauser, Esq., New York, New York.

FOR APPELLEE:         Paul M. Krieger, Lisa R. Zornberg, Katherine Polk Failla, Assistant United States Attorneys, *on behalf of* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*]Judge Lawrence E. Kahn of the United States District Court for the Northern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 1, 2010, is AFFIRMED, and the matter is remanded for clerical correction of the judgment.

Alexandre Karlov appeals from a conviction entered after a jury trial at which he was found guilty of conspiracy to commit mail fraud, see 18 U.S.C. § 1349, and of making false statements to federal agents, see id. § 1001. On appeal, Karlov challenges the sufficiency of the evidence supporting his membership in the charged conspiracy. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Karlov does not dispute that the evidence at trial amply demonstrated the existence of the charged conspiracy. The fraudulent scheme was created by two brothers, Joseph and Eugene Sherman, who operated a medical clinic (the "Sherman Clinic") in Brooklyn, New York, treating individuals professing exaggerated injuries or injuries from staged accidents in order to receive unwarranted payments from insurance companies. The Shermans paid "runners" to recruit potential patients and to organize the staged accidents. The Sherman Clinic would then bill insurance companies for unnecessary, extensive treatment regimens, which included referrals to specialists associated with the Shermans. The Shermans controlled a law office (the "Sherman law office") purportedly run by "front" lawyers to handle the filing of bodily injury claims.

2

Karlov contends that the evidence was insufficient to show his membership in this conspiracy because the evidence was "uncertain and episodic" and did not place him at the "heart" of the conspiracy. The record is to the contrary.

Karlov bears a heavy burden in raising a sufficiency challenge to his conviction because, although our standard of review as to sufficiency is de novo, we must view the trial evidence in the light most favorable to the verdict, assuming that the jury resolved all questions of witness credibility and competing inferences in favor of the prosecution. See United States v. Abu-Jihaad, 630 F.3d 102, 134–35 (2d Cir. 2010), cert. denied, 131 S. Ct. 3062 (2011). Under this "exceedingly deferential" standard of review, United States v. Hassan, 578 F.3d 108, 126 (2d Cir. 2008), Karlov can secure relief only by showing that no rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt, see Jackson v. Virginia, 443 U.S. 307, 319 (1979); accord United States v. Abu-Jihaad, 630 F.3d at 135.

To sustain a conspiracy conviction, the government must "present some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." United States v. Rodriguez, 392 F.3d 539, 545 (2d Cir. 2004) (internal quotation marks omitted). In this context, "deference to the jury's findings is especially important . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." United States v. Santos, 541 F.3d 63, 70 (2d Cir. 2008) (internal quotation marks omitted).

Having reviewed the record, we conclude that a rational jury could have found that Karlov knowingly joined and participated in the charged conspiracy. In his post-arrest statement, Karlov admitted knowing that "patients" attending the Sherman Clinic were largely participants in staged auto accidents. Despite this knowledge of fraud, Karlov admitted performing various delivery services for the clinic, including transporting patients and supplies, for which he was paid $400 to $450 per week. This was sufficient by itself to find that Karlov joined the conspiracy. See United States v. Hawkins, 547 F.3d 66, 71 (2d Cir. 2008) (noting that "government need not prove that the defendant knew the details of the conspiratorial scheme or the identities of all of the conspirators" (internal quotation marks and alterations omitted)).

In fact, other evidence indicated that Karlov played a more significant role than he acknowledged. Alexander Burman, manager of the Sherman Clinic from 1997 to 2000, testified that Karlov provided "protection" to the clinic, a service that included threats of physical harm. Karlov specifically threatened Burman when the Shermans believed their manager might have stolen $70,000 from the office. Similarly, Viktor Shapovalov, a runner for the clinic, testified that Eugene Sherman introduced Karlov to him as "responsible for resolving all problems associated with the clinic," Trial Tr. at 1123, and that Karlov threatened Shapovalov when he owed the Shermans $10,000 as part of the fraud scheme. Alexander Galkovich, a lawyer for the scheme, testified that Karlov not only regularly delivered medical narrative reports to Gene Medvedovsky, the head of the Sherman law office, but also that Karlov and Medvedovsky would review the reports together. Galkovich

4

also testified that Karlov would show police accident reports to Galkovich, asking if the office would be interested in taking on the victims as clients.

Finally, Karlov's knowing joinder and participation in the consiracy was established by evidence that he and his then-girlfriend, Svetlana Tkachenko, filed fraudulent medical claims through the Sherman Clinic in connection with a 1999 accident, for which insurance companies ultimately paid out over $40,000.

From the totality of this evidence, a reasonable jury could certainly conclude that Karlov knowingly joined and participated in the charged conspiracy. Accordingly, we reject his sufficiency challenge as without merit.

Although Count 1 of the indictment charged Karlov with conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, and there is no question that he was convicted on that count, we note nostra sponte that the judgment inaccurately describes the first count of conviction, stating that Karlov was convicted of mail fraud in violation of 18 U.S.C. § 1341. We remand for entry of an amended judgment, accurately reflecting the counts of conviction.

For the foregoing reasons, the district court's judgment of conviction is AFFIRMED, and the matter is remanded for clerical correction of the judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5